UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRBY KNIGHT and
SHIRLEY KNIGHT,

       Plaintiffs,                              Hon. Janet T. Neff

v.                                                 Case No. 1:09-CV-973

ST. JUDE MEDICAL,

       Defendant.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant St. Jude Medical, Inc.'s Motion to Dismiss and for Summary Judgment. (Dkt. #71). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action terminated.

### BACKGROUND

Plaintiffs initiated this action on October 22, 2009, against Defendant St. Jude Medical asserting numerous claims of fraud and negligence resulting from difficulties Plaintiff Kirby Knight experienced with a pacemaker supplied by Defendant. Most of Plaintiffs' claims have since been dismissed. Specifically, the primary claim remaining in this matter is Plaintiffs' claim that on May 23, 2006, a representative of St. Jude Medical met with one or more of Kirby Knight's care providers and failed to provide to Knight's care providers adequate and accurate information about Knight's pacemaker and the dangers the device posed to Knight's health and well-being.

Plaintiffs also assert a derivative claim for loss of consortium. Defendant now moves for summary judgment or, in the alternative, dismissal of Plaintiffs' remaining claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere

"scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER,

*Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**I.         Motion for Summary Judgment**

As previously noted, Plaintiffs' sole remaining claim for negligence is based upon the allegation that on May 23, 2006, a representative from St. Jude Medical met with one or more of Kirby Knight's care providers and failed to provide to Knight's care providers adequate and accurate information about Knight's pacemaker.

As discussed above, Defendant is entitled to summary judgment if it establishes that Plaintiffs have, after almost three years, failed to marshal evidence which would enable them to prevail at trial.  Again, Plaintiffs, the party with the burden of proof in this case, "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561.  As Defendant notes, however, Plaintiffs have failed to present evidence that would enable them to prevail on this particular claim.

Plaintiffs have failed to present *any* evidence that any representative of St. Jude Medical met with any of Kirby Knight's care providers on May 23, 2006. Plaintiffs appear to concede this point, asserting in their response to the present motion that "the date of the incident in question [w]as November 2005 and not May 2006." (Dkt. #76). Plaintiffs, however, are bound by the allegations in their amended complaint which alleges that the incident in question occurred on May 23, 2006. The Court further notes that Plaintiffs' amended complaint contains no allegations concerning an alleged incident that occurred in November 2005, thus Defendant cannot be said to have been on notice that Plaintiffs would assert any claim concerning an incident that allegedly occurred in November 2005. Plaintiffs have not moved to amend their complaint to correct this alleged oversight, a request that nevertheless would not be granted as yet another amendment to Plaintiffs' complaint would be untimely and extremely prejudicial to Defendant. *See Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458 (6th Cir. 2001).

Plaintiffs have failed to identify the care providers with whom the St. Jude Medical representative allegedly met and to whom the representative failed to provide adequate and accurate information about Knight's pacemaker. Plaintiffs have failed to identify *any* expert witnesses on the questions of liability, causation, or damages. *See Borg v. Chase Manhattan Bank USA, N.A.*, 247 Fed. Appx. 627, 636-37 (6th Cir., July 19, 2007) (summary judgment was proper where plaintiffs failed to identify any experts to support their negligence claim). Plainly stated, Plaintiffs have failed to present any evidence that Defendant's actions breached any duty they may have owed to Plaintiffs or that Defendant's actions caused Kirby Knight's injuries. Plaintiffs have also failed to submit any evidence to support their claim for damages.

In sum, despite having almost three years to prosecute this matter, Plaintiffs have failed to present evidence which would enable them to prevail at trial. Defendant is entitled, therefore, to summary judgment as to Plaintiffs' remaining claim for negligence, as well as the derivative claim for loss of consortium. *See Anderson v. Saddle Creek Apartments, LLC*, 2010 WL 1052276 at *7 (Mich. Ct. App., Mar. 23, 2010) (noting that loss of consortium claims are derivative of a plaintiff's primary claims and that if such primary claims are dismissed, the loss of consortium claims must likewise be dismissed). Accordingly, the undersigned recommends that Defendant's motion for summary judgment be **granted** and this action **terminated**.

## II.     Failure to Prosecute

Defendant also moves, in the alternative, to dismiss Plaintiffs' claims for failure to prosecute. For the reasons discussed below, the undersigned recommends, in the alternative, that Plaintiffs' claims be dismissed for failure to prosecute and failure to comply with the Court's Orders.

On May 17, 2011, the Court entered a Case Management Order which required that Plaintiffs make their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than July 29, 2011. (Dkt. #52). On January 10, 2012, the Court entered an Order granting Defendant's motion to compel Plaintiffs' Rule 26(a)(1) disclosures and further directing Plaintiffs to respond to certain discovery requests. (Dkt. #59). Plaintiffs were ordered to make the necessary disclosures and responses within 60 days. (Dkt. #59). Plaintiffs were also warned that "further failure to participate in the discovery process will result in this court entering an order to show cause why the case should not be dismissed for Plaintiffs' failure to prosecute and to comply with the court's orders." (Dkt. #59).

On March 12, 2012, the Court conducted a status conference at which the Court learned that Plaintiffs had still failed to submit their Rule 26(a)(1) disclosures or respond to Defendant's discovery request in direct violation of the Court's January 10, 2012 Order. Accordingly, on March 16, 2012,[1] the Court entered an Order directing Plaintiffs to show cause why their claims should not be dismissed for failure to prosecute. On April 11, 2012, the Court held a hearing on this matter. Defendant asserted that while Plaintiff had provided some Rule 26(a)(1) disclosures and some material responsive to its various requests for production of documents, Plaintiffs' submissions were still insufficient. (Dkt. #70). Having reviewed Plaintiffs' submissions, the Court agrees that Plaintiffs have yet to comply with the Court's Case Management Order and make all disclosures required by Rule 26(a)(1).

Federal Rule of Civil Procedure 26(a)(1) provides that a party "must, without awaiting a discovery request, provide to the other parties" the following:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

---

[1] When the Court entered this Order it was unaware that Plaintiffs had provided Defendant certain disclosures and discovery responses on March 14, 2012.

        (iv)       for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A).

In their initial Rule 26(a)(1) disclosures, Plaintiffs identified several lay witnesses as well as certain documents, electronically stored information, and tangible things that they have in their possession, custody, or control and may use to support their claims or defenses. (Dkt. #72, Exhibit 2). Plaintiffs, however, failed to provide a computation of damages or provide any information or assertion concerning the existence or lack thereof of any insurance agreement described in Rule 26(a)(1)(A)(iv). There is no indication that Plaintiffs have since supplemented their Rule 26(a)(1) disclosures. In sum, therefore, Plaintiffs have failed to comply with the Court's Case Management Order and provide the disclosures required by Federal Rule of Civil Procedure 26(a). Plaintiffs have also failed to identify any expert witnesses, despite being ordered to do so no later than November 14, 2011.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the Court to recommend, in the alternative, that Plaintiffs' claims be dismissed for failure to prosecute. While the Court sympathizes with Plaintiffs' plight and their status as pro se litigants, their repeated failure to comply with this Court's Orders can only be characterized as willful. Defendant has been significantly prejudiced by Plaintiffs' failure to disclose the aforementioned information. Plaintiffs were repeatedly warned that their failure to comply with this Court's Orders could result in the dismissal of their claims. Accordingly, the undersigned recommends, in the alternative, that Plaintiffs' claims be dismissed with prejudice for failure to prosecute.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant St. Jude Medical, Inc.'s Motion to Dismiss and for Summary Judgment</u>, (dkt. #71), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

Date:  September 7, 2012                       /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge