UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRBY KNIGHT and
SHIRLEY KNIGHT,

    Plaintiffs,

v

ST. JUDE MEDICAL,

    Defendant.

_____/

Case No. 1:09-cv-973

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiffs Kirby and Shirley Knight initiated the present action in October 2009, asserting claims of negligence and fraud arising from problems Plaintiff Kirby Knight experienced with a pacemaker supplied by Defendant St. Jude Medical (Dkt 1). On April 25, 2012, Defendant filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Dkt 71). On September 7, 2012, the Magistrate issued a Report and Recommendation (R&R), recommending that this Court grant Defendant's motion and dismiss Plaintiffs' action, either on summary judgment or for failure to prosecute (Dkt 84). The matter is presently before the Court on Plaintiffs' objections to the Report and Recommendation (Dkt 85). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Plaintiffs' objections and approves and adopts the Report and Recommendation.

After thoroughly setting forth the standard for granting summary judgment (Dkt 84 at 2-4), the Magistrate Judge determined that Defendant would be properly entitled to summary judgment

in this case if Defendant establishes that Plaintiffs have, "after almost three years, failed to marshal evidence which would enable them to prevail at trial" (*id.* at 4).  The Magistrate Judge found the following:  (1) "Plaintiffs have failed to present any evidence that any representative of St. Jude Medical met with any of Kirby Knight's care providers on May 23, 2006" (*id.* at 5); (2) "Plaintiffs have failed to identify the care providers with whom the St. Jude Medical representative allegedly met" (*id.*); (3) "Plaintiffs have failed to present any evidence that Defendant's actions breached any duty they may have owed to Plaintiffs or that Defendant's actions caused Kirby Knight's injuries" (*id.*); and (4) "Plaintiffs have also failed to submit any evidence to support their claim for damages" (*id.*).  Based on these findings, the Magistrate Judge determined that "Plaintiffs have failed to present evidence which would enable them to prevail at trial" and therefore recommended that Defendant's motion for summary judgment be granted (*id.* at 5-6).

Plaintiffs' objection to the Magistrate Judge's summary judgment recommendation lacks merit.  Plaintiffs argue that "they have not had sufficient opportunity for discovery" (Dkt 85 at 1).  However, Plaintiffs do not dispute the Magistrate Judge's determination that they have had "almost three years" to prepare their case and have still "failed to marshal evidence which would enable them to prevail at trial" (Dkt 84 at 4).  Furthermore, Plaintiffs fail to address any of the specific deficiencies noted by the Magistrate Judge, instead vaguely asserting that "[n]ew additional evidence has since been discovered by the Plaintiff which further supports their claims and will be made available" (Dkt 85 at 2).  Because Plaintiffs fail to demonstrate any error in the Magistrate Judge's factual or legal analysis, their objection is denied.

The Magistrate Judge alternatively determined that Plaintiffs' case would be properly dismissed for failure to prosecute where "Plaintiffs have yet to comply with the Court's [May 17,

2

2011] Case Management Order and make all disclosures required by Rule 26(a)(1)" (Dkt 84 at 7). Specifically, the Magistrate Judge determined that Plaintiffs "failed to provide a computation of damages or provide any information or assertion concerning the existence or lack thereof of any insurance agreement" and "also failed to identify any expert witnesses, despite being ordered to do so no later than November 14, 2011" (*id.* at 8). After articulating the factors that must be considered in dismissing a case for failure to prosecute, the Magistrate Judge concluded that "[Plaintiffs'] repeated failure to comply with this Court's Orders can only be characterized as willful," that "Defendant has been significantly prejudiced by Plaintiffs' failure to disclose," and that "Plaintiffs were repeatedly warned that their failure to comply with this Court's Orders could result in dismissal of their claims" (*id.* at 9). Accordingly, the Magistrate Judge recommended that, in the alternative, Plaintiffs' claims be dismissed with prejudice for failure to prosecute (*id.*).

Plaintiffs' objection to the Magistrate Judge's dismissal recommendation also lacks merit. Plaintiffs assert that they "do have an expert witness that will testify" (Dkt 85 at 2), but they neither identify the expert nor explain why they have not provided that information to Defendant. Plaintiffs completely disregard the Magistrate Judge's statement related to the "existence or lack thereof of any insurance agreement," but argue that damages "would be impossible to calculate" (*id.*). Furthermore, Plaintiffs do not address the Magistrate Judge's findings that their failure to provide discovery has "significantly prejudiced" Defendant and that they have been "repeatedly warned" that their failure to provide discovery could lead to their claims being dismissed. As a result, this objection is similarly denied as without merit. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 85) are DENIED and the Report and Recommendation (Dkt 84) is APPROVED and ADOPTED as the Opinion of the Court.

3

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment (Dkt 71) is GRANTED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: November 21, 2012          /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge